**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**EDDY J. ALMENDAREZ**
**BETANCOURTH,**  an individual,                    Hon.
Plaintiff,                                                          Case No.

v.

**MITTEN PRO PAINTING LLC,**
a Domestic Limited Liability Company,
**EDSON ARANGUIZ**, an individual,
jointly and severally,
Defendants.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

1

3. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

4. Plaintiff seeks a declaration that his rights were violated, an award of overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

8. Employees of Defendant Mitten Pro Painting LLC, ("MPP") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant MPP annual gross volume of sales made or business done is not less than $500,000.

11. Defendant MPP  employs more than two persons.

12. Defendant Edson Aranguiz employs more than two persons.

2

13. Defendant MPP is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in the cities of Comstock Park in the state of Michigan, within the United States Judicial District of the Western District of Michigan.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

15. Plaintiff Eddy J. Almendarez Betancourth is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

16. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

17. Defendant Mitten Pro Painting LLC (hereinafter referred to as "MPP") is a domestic limited liability company whose registered office is located at 3910 Yorkland Dr. Nw Apt. 12 Comstock Park Michigan 49321.

18. Defendant Edson Aranguiz (hereinafter referred to as "Aranguiz") supervised Plaintiff and gave him direction and instructions regarding his schedule and pay.

19. Defendant MMP is a commercial painting and remodeling company.

20. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

21. Plaintiff worked for Defendants from approximately September 2022 to May 9, 2024.

22. Plaintiff ceased working for Defendant due to a work accident and injury.

23. Plaintiff's responsibilities included but are not limited to: prepared the area for painting which included, taping off the area, getting the necessary paint needed for the area, preparing the paint, and painting.

24. Plaintiff also helped in the installation of drywall, finishing, and flooring when needed.

25.    Plaintiff from these duties in Holland, Zeeland, Kalamazoo, Grand Rapids, Alto, and Ada.

26.    Plaintiff worked from Monday through Saturday and the occasional Sundays, working 12 to 15 hours a day, averaging a 40 to 60 hour work week.

27.    Plaintiff was compensated by the hour and on a weekly basis.

28.    At the start of Plaintiff's employment he was compensated at $20 an hour and received wage increases throughout his employment, ending his employment making $23 an hour.

29.    Plaintiff was paid in a check on a weekly basis - on Fridays.

30.    Plaintiff inquired about the compensation for hours worked in excess of 40 hours in a week, but was informed from Defendant Aranguiz that he did not pay overtime because MMP did not make enough money to justify paying the overtime premium.

31.    Plaintiff was not compensated at a rate no less than one and one half his regular hourly rate for hours worked over forty (40) in a workweek.

32.    Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

33.    Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

34.    Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

35.    Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

**WILLFUL VIOLATIONS OF THE FLSA**

36.    Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half

4

times his regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

37. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

38. Defendant Aranguiz utilized Defendant MPP to subvert his obligation under state and federal law.

39. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

40. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

41. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

43. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

44. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

45. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

46. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

47. Defendants' violations of the FLSA were knowing and willful.

48. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

49. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

<u>COUNT III</u>
<u>VIOLATION OF IMPROVED WORKFORCE OPPORTUNITY  WAGE ACT, M.C.L.</u>
<u>§408.931 *et seq.*,</u>
<u>FAILURE TO PAY OVERTIME</u>

50. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

51. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

52. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

53. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

54.    At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

55.    The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

56.    By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

57.    As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A.    The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B.    The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C.    That the Defendants actions be found to have damaged Plaintiff;

D.    Defendants be ordered to pay Plaintiff his unpaid overtime wages together with an equal amount in liquidated damages;

E.      Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

F.      Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

G.      The Court grants such other and further relief as the Court may deem just or equitable.


Respectfully Submitted,

/s/   Robert Anthony Alvarez         .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC


## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Respectfully Submitted,

/s/   Robert Anthony Alvarez         .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 2025-01-28

/s/ _eddy josué almendarez betancourth_

Eddy Josue Almendarez Betancourth