UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF MICHIGAN
SOUTHERN DIVISION

_____

EDDY J. ALMENDAREZ BETANCOURTH, an
individual,

      Plaintiff,

v

MITTEN PRO PAINTING, LLC, a Domestic
Limited Liability Company, EDSON ARANGUIZ,
an individual, jointly and severally,

      Defendants.

CASE NO.  1:25-CV-00226

HON. PAUL L. MALONEY

---

Robert Anthony Alvarez (P66954)
Victor M. Jimenez (P85194)
AVANTI LAW GROUP, PLLC
Attorneys for Plaintiff
600 28th Street, SW
Wyoming, MI 49509
616-257-6807
ralvarez@avantilaw.com
vjimenez@avantilaw.com

Charissa C. Huang (P75501)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendants
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
chuang@shrr.com

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
AND AFFIRMATIVE DEFENSES, AND RELIANCE UPON JURY
DEMAND**

NOW COMES defendants, Mitten Pro Painting, LLC and Edson Aranguiz, by and through their attorneys, Charissa C. Huang and **SMITH HAUGHEY RICE & ROEGGE, P.C**., and for their Answers to Plaintiff Complaint and Affirmative Defenses, and Reliance upon Jury Demand, state as follows:

1.      This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 et seq.

**ANSWER:    Denied as to Plaintiff's allegation that Defendants willfully and knowingly violated Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 et seq.  As to the balance of the allegations, no answer is required for the reason that said allegations are bare legal conclusions.**

2.      During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

**ANSWER:    Denied to the extent that Plaintiff's allegation implies that Defendants were required to pay Plaintiff overtime or that Plaintiff was entitled to overtime from Defendants.  As to the balance of the allegations, Defendants leave the opposing party to his proofs.**

3.      On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

**ANSWER:    Defendants deny the allegations contained in this paragraph**.

4.      Plaintiff seeks a declaration that his rights were violated, an award of overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

**ANSWER:    No answer is required for the reason that said allegations are bare legal conclusions.**

### JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

**ANSWER:**    Defendants admit that this Court has jurisdiction over the stated federal statutory claims but deny that Defendants violated said statutes.

6.    This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

**ANSWER:**    Defendants admit that this Court has supplemental jurisdiction over the stated state law claims but deny that Defendants violated state law.

7.    Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

**ANSWER:**    Defendants admit that this Court has supplemental jurisdiction over the stated state law claims but deny that Defendants violated state law.

8.    Employees of Defendant Mitten Pro Painting LLC, ("MPP") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

**ANSWER:**    Neither admit nor deny and leaves the opposing party to its proofs.

9.    Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

**ANSWER:**    Admitted.

10.    Defendant MPP annual gross volume of sales made or business done is not less than $500,000.

**ANSWER:**    Neither admit nor deny and leaves opposing party to its proofs.

11.    Defendant MPP employs more than two persons.

3

**ANSWER:**    **Neither admit nor deny and leaves opposing party to its proofs.**

12.    Defendant Edson Aranguiz employs more than two persons.

**ANSWER:**    **Neither admit nor deny and leaves opposing party to its proofs.**

13.    Defendant MPP is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in the cities of Comstock Park in the state of Michigan, within the United States Judicial District of the Western District of Michigan.

**ANSWER:**    **Admitted.**

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**ANSWER:**    **Defendants admit that venue is proper**.

## PARTIES

15.    Plaintiff Eddy J. Almendarez Betancourth is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

**ANSWER:**    **Neither admit nor deny and leaves opposing party to its proofs.**

16.    Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

**ANSWER:**    **Neither admit nor deny and leaves opposing party to its proofs.**

17.    Defendant Mitten Pro Painting LLC (hereinafter referred to as "MPP") is a domestic limited liability company whose registered office is located at 3910 Yorkland Dr. NW Apt. 12 Comstock Park Michigan 49321.

**ANSWER:**    **Admitted.**

18.    Defendant Edson Aranguiz (hereinafter referred to as "Aranguiz") supervised Plaintiff and gave him direction and instructions regarding his schedule and pay.

4

**ANSWER:   Denied as to the allegation that Defendant Aranguiz supervised Plaintiff and gave him direction and instructions regarding his pay.  Admitted as to the balance of the allegations contained in this paragraph.**

19.    Defendant MMP is a commercial painting and remodeling company.

**ANSWER:   Admitted.**

20.    Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

## GENERAL ALLEGATIONS

21.    Plaintiff worked for Defendants from approximately September 2022 to May 9, 2024.

**ANSWER:   Admitted that Plaintiff worked as an independent contractor with Defendant MPP during the timeframe alleged.**

22.    Plaintiff ceased working for Defendant due to a work accident and injury.

**ANSWER:   Neither admit nor deny and leaves opposing party to its proofs.**

23.    Plaintiff's responsibilities included but are not limited to: prepared the area for painting which included, taping off the area, getting the necessary paint needed for the area, preparing the paint, and painting.

**ANSWER:   Admitted.**

24.    Plaintiff also helped in the installation of drywall, finishing, and flooring when needed.

**ANSWER:   Admitted.**

25.    Plaintiff from these duties in Holland, Zeeland, Kalamazoo, Grand Rapids, Alto, and Ada.

5

**ANSWER:**    **Admitted.**

26.    Plaintiff worked from Monday through Saturday and the occasional Sundays, working 12 to 15 hours a day, averaging a 40 to 60 hour work week.

**ANSWER:**    **Neither admit nor deny and leaves opposing party to its proofs.**

27.    Plaintiff was compensated by the hour and on a weekly basis.

**ANSWER:**    **Admitted that Plaintiff was compensated by the hour.  Denied as to the remainder of the allegations contained in this paragraph as Plaintiff was at times compensated more frequently than on a weekly basis.**

28.    At the start of Plaintiff's employment he was compensated at $20 an hour and received wage increases throughout his employment, ending his employment making $23 an hour.

**ANSWER:**    **Denied that Plaintiff was an employee of defendants.  Admitted that at the start of Plaintiff's independent contractor relationship with Defendant MPP he was compensated at $20 an hour.  Defendants neither admit nor deny the remainder of the allegations contained in this paragraph and leave Plaintiff to his proofs.**

29.    Plaintiff was paid in a check on a weekly basis - on Fridays.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

30.    Plaintiff inquired about the compensation for hours worked in excess of 40 hours in a week, but was informed from Defendant Aranguiz that he did not pay overtime because MMP did not make enough money to justify paying the overtime premium.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

31.    Plaintiff was not compensated at a rate no less than one and one half his regular hourly rate for hours worked over forty (40) in a workweek.

**ANSWER:** **Neither admit nor deny and leaves opposing party to its proofs.**

32. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

33. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

34. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

35. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

## WILLFUL VIOLATIONS OF THE FLSA

36. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

37. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

38. Defendant Aranguiz utilized Defendant MPP to subvert his obligation under state and federal law.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

39. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**ANSWER: No answer is required for the reason that said allegations are bare legal conclusions.**

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

40. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

**ANSWER: All prior answers are incorporated as though fully restated herein.**

41. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

42. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

8

43.    At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

44.    The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

**ANSWER:    No answer is required for the reason that said allegations are bare legal conclusions.**

45.    By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

46.    Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

**ANSWER:    Neither admit nor deny and leaves opposing party to its proofs.**

47.    Defendants' violations of the FLSA were knowing and willful.

**ANSWER:    Defendants deny the allegations contained in this paragraph**.

48.    The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**ANSWER:**   **No answer is required for the reason that said allegations are bare legal conclusions.**

49.     As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

### COUNT III – (sic Missing Count II)

### VIOLATION OF IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq., FAILURE TO PAY OVERTIME

50.     Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

**ANSWER:**   **All prior answers are incorporated as though fully restated herein.**

51.     The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

**ANSWER:**   **No answer is required for the reason that said allegations are bare legal conclusions.**

52.     At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

53.     At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

10

54.     At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

55.     The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

**ANSWER:    No answer is required for the reason that said allegations are bare legal conclusions.**

56.     By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, et seq.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

57.     As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

Date: July 14, 2025                          By*: /s/ Charissa C. Huang*
                                             Charissa C. Huang (P75501)
                                             SMITH HAUGHEY RICE & ROEGGE
                                             Attorneys for Defendants
                                             100 Monroe Center, N.W.
                                             Grand Rapids, MI 49503
                                             616-774-8000
                                             chuang@shrr.com

11

## DEFENDANTS' AFFIRMATIVE DEFENSES

NOW COME Defendants Mitten Pro Painting, LLC and Edson Aranguiz, by and through their attorneys, Smith Haughey Rice & Roegge, and for their Affirmative Defenses, state as follows:

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims, either in whole or in part, are barred or precluded because Plaintiff cannot establish the elemental prerequisites for recovery.

3.     Plaintiff's claims are barred in whole or part by applicable statutes of limitations.

4.     Plaintiff's claims, either in whole or in part, are barred or precluded by the doctrine of waiver.

5.     Plaintiff's claims, either in whole or in part, are barred or precluded by the doctrine of estoppel.

6.     Plaintiff's claims are barred in whole or part because Plaintiff has unclean hands.

7.     Plaintiff's claims should be denied, because he was paid the appropriate hourly rate.

8.     Plaintiff's claims should be denied, because any mistaken failure to pay Plaintiff the proper amount was not willful, intentional or malicious.

9.     Defendants reserve the right to add additional affirmative defenses as they become known through the course of discovery.


Date: July 14, 2025                    By: */s/ Charissa C. Huang*
                                       Charissa C. Huang (P75501)
                                       SMITH HAUGHEY RICE & ROEGGE
                                       Attorneys for Defendants
                                       100 Monroe Center, N.W.
                                       Grand Rapids, MI 49503
                                       616-774-8000
                                       chuang@shrr.com

## DEFENDANTS' RELIANCE UPON JURY DEMAND

NOW COME Defendants Mitten Pro Painting, LLC and Edson Aranguiz, by and through their attorneys, Smith Haughey Rice & Roegge, and rely upon the Jury Demand filed by Plaintiff on or about February 26, 2025, in this matter and reserve the right to assert their own demand should Plaintiff waive or otherwise relinquish the current demand upon which Plaintiff relies.

Date: July 14, 2025

By: */s/ Charissa C. Huang*
Charissa C. Huang (P75501)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendants
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
chuang@shrr.com

## CERTIFICATE OF SERVICE

Charissa C. Huang hereby certifies that on July 14, 2025, she filed the above-referenced document, and this Certificate of Service in accordance with the Court's Electronic Guidelines. Notice of Electronic Filing of these documents will be sent out to all parties by operation of the Court's electronic filing system.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

Dated: July 14, 2025

*/s/ Charissa C. Huang*

13

SHRR\6489616.v1